# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD GRENFELL, | : |
| Plaintiff, | : |
| v. | : 3:18-CV-1657 |
| | : (JUDGE MARIANI) |
| LACKAWANNA COUNTY, et al., | : |
| Defendants. | : |

## ORDER

**AND NOW, THIS 27TH DAY OF AUGUST, 2019,** upon *de novo* review of Chief Magistrate Judge Susan Schwab's Report and Recommendation ("R&R") (Doc. 9), **IT IS HEREBY ORDERED THAT:**

1. The R&R (Doc. 9) is **ADOPTED** for the reasons set forth therein.

2. Defendants' Partial Objections to the R&R (Doc. 10), which are limited to the Magistrate Judge's recommendation that the Court deny Defendants' motion to dismiss the Plaintiff's First Amendment retaliation, *Monell*, and civil conspiracy claims set forth in Counts IV – VI of Plaintiff's Complaint are **OVERRULED.**[1]

---

[1] Defendants object that the "[p]laintiff's complaint fails to allege that the individual Defendants had knowledge of Plaintiff's allegedly protected conduct, namely, his 'meeting with attorney Matthew Comerford.'" (Doc. 10, ¶ 3). Defendants rely on *Ambrose v. Twp. of Robinson*, 303 F.3d. 488, 493 (3d Cir. 2012), arguing that *Ambrose* held that "a plaintiff must present evidence of a defendant's knowledge of the plaintiff's claimed protected activity in support of a claim that such protected activity was a substantial or motivating factor in the adverse employment action taken against the plaintiff." (Defs'. Br. in Supp. of Partial Objs., Doc. 11 at 4). *Ambrose*, however, presents a case where, following a jury verdict for a police officer who claimed he was suspended in retaliation for his aid and/or support of a fellow officer's lawsuit against the Township, the Court of Appeals reversed the District Court denial of the Township's motion for judgment as a matter of law, holding that "there was insufficient evidence to support a finding that Ambrose's affidavit was a substantial or motivating factor in his suspension", as well as "no direct evidence

3. Defendants' Motion to Dismiss (Doc. 3) is **GRANTED IN PART AND DENIED IN PART** as follows:

   a. Defendants' motion to dismiss Count I is **GRANTED** and Count I of Plaintiff's Complaint is **DISMISSED WIITH PREJUDICE**.

   b. Defendants' motion to dismiss Count II is **GRANTED** and Count II of Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** and with leave to amend within **21 days from the date of this Order**.

   c. Defendants' motion to dismiss Count III is **GRANTED** and Count III of Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

   d. Defendants' motion to dismiss Counts IV, V, and VI is **DENIED**.

4. This action is **REMANDED** to Chief Magistrate Judge Schwab for further pretrial proceedings in accordance with this Court's August 22, 2018 Order (Doc. 2).

_(signature)_
Robert D. Mariani
United States District Judge

---

that the Commissioners were aware of the affidavit when they voted to suspend him," and further holding that "'temporal proximity' is not sufficient to establish their awareness by circumstantial evidence." *Ambrose*, 303 F.3d. at 496.

The present case before this Court is at the pleading stage and the Magistrate Judge properly concluded that under the *Iqbal-Twombly* standard, *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544-555 (2007), Plaintiff Grenfell has sufficiently stated a cause of action for retaliation.